## CIRCUIT COURT OF ARLINGTON COUNTY

Odell Wormley

v.

Metropolitan Life Ins. Co.

v.

Anthony Wormley et al.

April 11, 1984

Case No. (Law) 23831

By JUDGE THOMAS R. MONROE

Counsel for Plaintiff and Counsel for Third-Party Defendants have filed Memoranda in this cause and each has been reviewed by this Court.

Lillie Mae Wormley died on November 29, 1981, from a subdural hematoma. Odell Wormley was convicted of voluntary manslaughter of Lillie Mae Wormley on June 11, 1982.

The question before this Court is whether a beneficiary convicted of voluntary manslaughter of the deceased insured should receive the proceeds from the life insurance policy.

Title 55, Chapter 22, Section 55-401, definition Number 1 defines "slayer" as "any person who is convicted of the murder of the decedent." Odell Wormley was convicted of voluntary manslaughter, not murder. The terms "voluntary manslaughter" and "murder" are distinguished and defined under Section 18.2-35 and Section 18.2-32 respectively. Section 55-411, paragraph A, in pertinent part provides:

> Insurance proceeds payable to the slayer as the beneficiary . . . of any policy . . . of insurance . . . on the life of the decedent . . . shall be paid to the estate of the decedent . . .

Odell Wormley, by statutory definition, was not the "slayer" of Lillie Mae Wormley in that he was convicted of voluntary manslaughter and not murder. The Court, therefore, holds that the Plaintiff, Odell Wormley, is not barred from receiving the insurance proceeds payable to him as beneficiary.

The Third-Party Defendants' Motion for Declaratory Judgment is, therefore, denied.